UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, } | |
| } | |
| Plaintiff, } | |
| v. } | Case No.: 2:04-CR-00348-RDP-GMB-1 |
| } | |
| LAFONDA MONTA GREEN, } | |
| } | |
| Defendant. } | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Defendant Lafonda Monta Green's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A). (Doc. # 84). The Motion has been fully briefed (Docs. # 89, 93, 94), and is ripe for decision.

**I.     Background**

On February 9, 2005, after a jury trial, Green was convicted of six felony charges: Count One involved the distribution of heroin on August 16, 2004; Count Two charged carrying a .38 caliber pistol during the drug offense on August 16, 2004; Count Three alleged a distribution of heroin on August 17, 2004; Count Four charged that defendant carried a 9 mm handgun during the drug offense on August 17, 2004; Count Five charged possession of a .38 caliber gun by a convicted felon on August 17, 2004; and Count Six involved a third distribution of heroin that occurred on August 24, 2004. (Case No. 2:08-cv-08012-RDP-TMP, Doc. # 11).

Green was sentenced to four concurrent terms of 41 months in custody for the three distribution charges and the felon-in-possession charge (Counts One, Three, Five and Six), to a mandatory term of five years to be served consecutive to the 41-month concurrent terms for the charge of carrying the .38 caliber gun on August 16, 2004 (Count Two). He also was sentenced to

a mandatory term of 25 years to run consecutive to the 101 months already imposed for the charge of carrying the 9 mm handgun on August 17, 2004 (Count Four). (*Id.*). Thus, Green's total sentence was 41 months plus five years consecutive plus 25 years consecutive, or a total of 33 years and five months. (*Id.*).

Green appealed. (*Id.*). On June 27, 2007, the appellate court affirmed his convictions and sentences. (*Id.*). On April 14, 2008, Green filed a motion pursuant to 28 U.S.C. § 2255 challenging his conviction. (Doc. # 59). On March 24, 2010, that Motion was denied. (Case No. 2:08-cv-08012-RDP-TMP, Doc. # 13). On March 19, 2015, Green filed a Motion for Modification and/or Reduction of Terms of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) and Minus 2 Levels for All Drugs. (Doc. # 60). That Motion was denied. (Doc. # 64). On December 2, 2019, Green moved for leave to file a second or successive motion pursuant to § 2255. (Doc. # 67). On December 17, 2019, the Eleventh Circuit denied that motion. (Doc. # 68).

On August 18, 2021, with the assistance of counsel, Green filed the current Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A). (Doc. # 84). Green argues that (1) his sentence and the disparity between it and any sentence he could receive today, (2) the non-violent nature of the offense, and (3) his youthful age at the time of the offense, when considered together constitute "extraordinary and compelling reasons" for relief. (Doc. # 84 at 10). Green also argues that modification of his sentence would be "consistent with applicable policy statements" of the Sentencing Commission. (*Id.*).

The Government has responded that Green does not meet the statutory criteria for relief in that he cannot show that either (1) extraordinary and compelling reasons exist for his release or (2) the statutory sentencing factors in 18 U.S.C. § 3553(a) weigh in favor of early release. The

Government further contends that Green cannot demonstrate that his requested sentence "reduction is consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1), as interpreted in *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), *petition for cert. filed* (U.S. June 10, 2021). (Doc. # 89).

## II.     Applicable Law

A movant under § 3582(c)(1)(A) bears the burden of proving that a sentence reduction is warranted. *United States v. Kannell*, 834 F. App'x 566, 567 (11th Cir. 2021) (citing *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014)). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

"A district court has no inherent authority to modify a defendant's sentence, and it may do so only when authorized by a statute or rule." *United States v. Bradford*, 2023 WL 334755, at *4 (11th Cir. Jan. 20, 2023) (citing *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)). The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, is an exception to this limitation. It allows the sentencing judge to reduce a sentence based on "extraordinary and compelling reasons" after the defendant has asked the BOP to bring such a motion on his behalf and exhausted all administrative rights to appeal the BOP's denial of that request. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). Green has exhausted his administrative prerequisites to the filing of this Motion. (Doc. # 84 at 30-36).

"A district court may reduce a term of imprisonment if: (1) the § 3553(a) factors favor doing so, (2) there are extraordinary and compelling reasons for doing so, *and* (3) the reduction would not endanger any person or the community." *United States v. Bradford*, 2023 WL 334755, at *4 (11th Cir. Jan. 20, 2023) (citing *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021)) (emphasis added). "*All* these conditions are necessary, so if the court finds against the defendant on *one* of them, it cannot grant a sentence reduction." *Id.* (citing *Tinker*, 14 F.4th at 1238) (emphasis added).

In *United States v. Bryant*, the Eleventh Circuit held that the policy statement in U.S.S.G. § 1B1.13 is binding on a district court. 996 F.3d 1243, 1252-52 (11th Cir. 2021). "Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *Bryant*, 996 F.3d at 1262. Section 1B1.13 lists four reasons that are extraordinary and compelling: "(i) a 'terminal illness'; (ii) a 'permanent physical or medical condition' or 'deteriorating physical or mental health because of the aging process,' which 'substantially diminishes the ability of the defendant to provide self-care' in prison; (iii) 'death or incapacitation of the defendant's only family member capable of caring for' a minor child; and (iv) '[a]s determined by the Director of the Bureau of Prisons, … an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (i), (ii), and (iii).'" *Bryant*, 996 F.3d at 1249. In addition, the policy statement requires that, to be eligible for release, a defendant not pose a danger to society. § 1B1.13(2).

### III.    Analysis

Green does not argue that he falls under any of the four reasons that are extraordinary and compelling under Section 1B1.13. Rather, he argues that extraordinary and compelling

4

circumstances exist because of the length of his sentence and his age at the time of the offense, what he contends is the non-violent nature of the offense, and the "disproportionality [of the sentence to] both to the nature of the offense and to any sentence that he could receive today." (Doc. # 84 at 11). Green argues that *Bryant* should not apply and in making this argument seizes on dicta in a footnote of the *Bryant* majority opinion, which observed that "[s]ome," including the *Bryant* dissent, "have argued that a sub-delegation of the Commission's power to define extraordinary and compelling reasons to the BOP may be a problem as a matter of administrative law." (Doc. # 84 at 17-19 (citing *Bryant*, 996 F.3d at 1265 n.6). He further argues that this court has the discretion to define "extraordinary and compelling reasons" for compassionate release. (Doc. # 84 at 20). However, that argument has since been foreclosed by the Eleventh Circuit.

In *Bryant*, [the Eleventh Circuit] held that § 1B1.13 was applicable to all motions for compassionate release filed under § 3582(c)(1)(A), including those filed by prisoners, and, thus, a district court may not reduce a sentence unless a reduction would be consistent with § 1B1.13's definition of extraordinary and compelling reasons." *Bradford*, 2023 WL 334755, at *5 (citing *Bryant*, 996 F.3d at 1252-62). The Eleventh Circuit "further concluded that the catch-all provision in the commentary to § 1B1.13 did not give district courts discretion to develop other reasons than those listed in § 1B1.13 that might justify a reduction in a defendant's sentence." *Id*. (citing *Bryant*, 996 F.3d at 1248, 1263, 1265).

Green essentially makes the argument, as the defendant did in *Bradford*, "that we should depart from *Bryant* because it was wrong on its own terms and because of separation-of-powers problems the panel did not address." *Bradford*, 2023 WL 334755, at *5; *see also* Doc. # 93. But, in *Bradford*, the Eleventh Circuit held that those arguments "are foreclosed." *Id*. As the *Bradford*

5

court explained, "[u]nder [the] prior-panel precedent rule, 'a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*.'" *Id*. (quoting *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008)). *Bryant* has not been overruled. To the contrary, it was reaffirmed by *Bradford*. Therefore, Green's arguments for a modification of sentence are foreclosed.

**IV.   Conclusion**

This court is bound by the Eleventh Circuit's holding that district courts do *not* have the discretion "to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Bryant*, 996 F.3d at 1248; *Bradford*, 2023 WL 334755, at *5. Because Green does not argue that any of the four reasons that are extraordinary and compelling under Section 1B1.13 applies, his Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A) (Doc. # 84) is **DENIED**.

**DONE** and **ORDERED** this March 6, 2023.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE